Glenn CLARK
and Merle Clark,
*Plaintiffs,*

*v.*

MULTNOMAH COUNTY ASSESSOR,
*Defendant.*

(TC-MD 011171C)

A telephone trial was held March 20, 2002.

Glenn Clark, Plaintiff, argued the cause *pro se*.

Leslie Cech, Appraisal Supervisor, Multnomah County Assessor's Office, argued the cause for Defendant.

Decision for Defendant rendered June 28, 2002.

**DAN ROBINSON, Magistrate**.

Plaintiffs have appealed Defendant's denial of an application for proration of property taxes for the 2000-2001 tax year.[1] Trial was held by telephone on March 20, 2002, on

---

[1] The Complaint was amended at the case management conference to clarify that the year under appeal was 2000-2001. The Complaint indicated "2001." Tax

the question of whether the cause of the damage to the home was an act of God as required by ORS 308.425.[2]

Glenn Clark argued the cause for Plaintiffs. Leslie Cech, Appraisal Supervisor, Multnomah County Assessor's Office, argued the cause for Defendant.

## I. STATEMENT OF FACTS

Plaintiffs' home was twice damaged by water emanating from the home's plumbing. It is the second episode on which Plaintiffs relied in filing their application for proration of taxes.

In October 2000, a pipe burst within the wall in Plaintiffs' home. Water poured from the pipe and damaged Plaintiffs' home requiring numerous repairs. One of the final repairs was replacing the linoleum in Plaintiffs' upstairs bathroom. The linoleum was installed on January 17, 2001, by an employee of a local contractor (Belfor). In order to install the linoleum, the employee removed the toilet and the sink, which were reinstalled after the linoleum was laid. Work was completed about 6:00 p.m. that same day (January 17, 2001). In the early morning hours of January 18, 2001, Merle Clark was awakened from sleep by the sound of running water. She later arose to go to the bathroom and discovered water running out the bathroom door and down the stairs. Approximately 1,000 gallons of water pumped onto the floor. The leaking water caused extensive damage to the home. The source of the leak was at the point where the flexible hose under the sink, coming from the faucet, connects to the roughed-in plumbing in the wall. The particular problem was with the flare nut on the fitting. Damage was extensive and took months to repair, requiring Plaintiffs to move out of the house. Work was not completed until August 2001 at which time Plaintiffs moved back into the home.

Glenn Clark testified that he assumed the problem was due to the negligence of the workman and that he considered filing a lawsuit against the contractor. He spoke with an

_____

years are fiscal years running 12 months and beginning each year on July 1. ORS 308.007.

[2] All references to the Oregon Revised Statutes (ORS) are to 1999.

attorney who reportedly advised him that he would need evidence to prove the assumption that the workman was at fault. Glenn Clark testified further that he spoke with the workman and was told that the flare nut does eventually wear out and needs to be replaced or it may malfunction. The workman allegedly estimated the part to last roughly 10 years. The plumbing in Plaintiffs' home was 10 years old.

Plaintiffs' application for proration of taxes under ORS 308.425 was denied by Defendant on August 6, 2001, following an inspection by Defendant on July 6.[3] The application was denied because the county determined the damage to the home was not caused by an act of God.

Plaintiffs insist there is no evidence that the actions of the workman caused the plumbing connection to break, and that it must therefore be assumed that the problem was a natural occurrence. Plaintiffs argue that the event was an act of God. Defendant disagrees, arguing that the damage appears to be the result of negligence on the part of the workman who removed and then reinstalled the bathroom sink.

## II. ANALYSIS

■  ORS 308.425 provides, in relevant part:

"(1)  If, during any tax year, any real or personal property is destroyed or damaged by fire or act of God, the owner or purchaser under a recorded instrument of sale in the case of real property * * * may apply to the tax collector for proration of the taxes imposed on the property for the tax year."

The question before the court is whether the damage to Plaintiffs' home was caused by an act of God. Defendant argues that the actions of the plumber, just hours before the fitting broke, caused the flooding to occur. Plaintiffs respond that absent proof of negligence, it must be assumed that the breakage of the pipe fitting was an act of God. As Defendant notes in its post-trial memorandum, "[t]he term 'Act of God' is not defined in the property tax statutes or the administrative rules." Moreover, there is no case law that defines the term

---

[3] Plaintiffs filed the application in May 2001, before the work was complete.

within the context of the applicable statute. However, the term is defined elsewhere.

There are two dozen occurrences of the term "act of God" in the Oregon statutes, including several in the income and property tax laws, but that term has been defined only four times and none of the definitions is part of the property tax laws.[4] In each case, the legislature has provided exactly the same definition:

> "* * * an unanticipated grave **natural disaster or other natural phenomenon** of an exceptional, inevitable and irresistible character, the effects of which could not have been prevented or avoided by the exercise of due care or foresight."

ORS 249.005; ORS 250.043; ORS 465.255; ORS 475.455 (emphasis added).

■ In a subrogation action for negligence in connection with the collapse of a partially completed church building during a windstorm, the Oregon Supreme Court observed the following:

> "An 'act of God' is defined as a **natural** occurrence of 'extraordinary' and 'unprecedented proportions':
>
> " '* * * not foreshadowed by the usual course of nature, and whose magnitude and destructiveness could not have been anticipated or provided against by the exercise of ordinary foresight.' *Schweiger v. Solbeck*, 191 Or 454, 464, 230 P2d 195, 200 (1951).
>
> "In order for the 'act of God' defense to apply, the **natural event** must be the sole proximate cause of the injury complained of: 'An act of God, excusing failure to perform a duty, excludes all circumstances produced by a human agency.' "

*Northwestern Mutual Ins. Co. v. Peterson*, 280 Or 773, 776, 777, 572 P2d 1023 (1977) (citation omitted) (emphasis added). Defendant cites those and other secondary sources

---

[4] Definitions appear in Title 23 in regard to elections, and provide for acceptance of photocopies of documents where the originals are stolen or destroyed by an act of God. The term appears in Titles 36 and 37, which govern public health and safety, including hazardous waste, and alcoholic liquors and controlled substances. In that context, an act of God excuses liability for certain cleanup costs.

for the proposition that "[t]he basic requirement to show an act of God is a <u>natural</u> act or occurrence that could not have been anticipated which is the <u>sole</u> cause of the damage." (Emphasis in original.) That statement certainly captures the gist of the above authorities.

The dictionary contains many definitions of the word "natural," and the majority of those definitions relate to nature. For example, *Webster's Third New Int'l Dictionary* 1506 (unabridged ed 1993) defines "natural" as follows: "2 a: in accordance with or determined by nature: based upon the operations of the physical world." Throughout history man has viewed God as connected with, and at least on occasion responsible for, the destructive forces of nature. The debate gets considerably more theological when the inquiry turns to bursting pipes within one's home. The Department of Agriculture has adopted an administrative rule that limits acts of God to "fire, flood, or severe storm not normal to the area." OAR 603-065-0025(2)(a). Such acts are equated with natural disaster "such as flooding or erosion" by the Water Resources Department. OAR 690-017-0010(9). Again, there is no rule for the statute here at issue. The court at this time will not say that an act of God must always involve nature, such as rain or wind, although that may be a reasonable definition for the legislature to establish in the context of the property tax relief here at issue.

■ The court accepts the definition adopted by the Supreme Court in *Northwestern Mutual*. Applying that standard, the court concludes that the cause of the damage in this case was not an act of God. The burst pipe was not a naturally occurring event. Most homeowners do not experience such an event, although it has been somewhat of a recurring problem for Plaintiffs. Moreover, the problem could have been "anticipated" and "provided against." In that regard, the problem clearly could have been prevented by the exercise of ordinary care. The repairman told Plaintiffs that these parts wear out after 10 years. Had the flare nut and perhaps the other components of the fitting been replaced when the sink was reinstalled, it is quite unlikely that the flooding would have occurred. Thus, although it may be inaccurate to say the repairman caused the problem, together Plaintiffs and the repairman could have taken simple and inexpensive steps to

prevent the problem. That is particularly so because the repairman was working with the part that broke.

It must be kept in mind that the request is for a tax break and that tax breaks have the effect of shifting the burden to other taxpayers. It is therefore reasonable to ask whether the legislature intended to shift the burden to other taxpayers when a homeowner experiences damage to the home as a result of bursting pipes as opposed to flood from unusually heavy rains.

## III.   CONCLUSION

After considering the matter at length, the court concludes Plaintiffs are not entitled to proration of property taxes under ORS 308.425 because the flooding that damaged the home was due to a burst fitting in the sink, and that event was not an act of God. Now, therefore,

IT IS THE DECISION OF THIS COURT that the relief requested by Plaintiffs is denied.